**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-5061

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GREGORY ROLAND PRUESS,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:08-cr-00054-RLV-DSC-1)

Submitted:  February 15, 2011      Decided:  March 14, 2011

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Peter
Adolf, Assistant Federal Defenders, Charlotte, North Carolina,
for Appellant. Anne M. Tompkins, United States Attorney, Amy E.
Ray, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Roland Pruess pleaded guilty to possession of ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). His guilty plea was conditioned on his retaining his right to appeal the district court's denial of his motion to dismiss the indictment. The district court sentenced Pruess to twenty-one months of imprisonment and he now appeals. For the reasons that follow, we vacate the district court's judgment and remand for further proceedings.

Pruess first argues that the conviction violated his rights under the Second and Fifth Amendments because his initial predicate felony conviction is invalid. However, we need not reach the constitutional question as we conclude that, regardless of whether his initial felony conviction was invalid or is invalidated, Pruess had several other felony convictions not based on his status as a felon at the time of the commission of the instant offense that qualify as predicate offenses under § 922(g)(1). Those offenses included convictions for dealing in firearms and explosives without a license and unlawful transport and possession of machineguns.

Pruess next argues that, after the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), the prohibition in § 922(g)(1) on non-violent felons possessing

2

firearms is unconstitutional as violative of the Second and Fifth Amendments. Again, we do not reach the constitutional question at this point. In United States v. Chester, 628 F.3d 673 (4th Cir. 2010), this court outlined a two-prong analysis to determine whether a regulation violates a defendant's Second Amendment right to bear arms. A district court must first determine whether the right sought to be regulated is within the scope of the Second Amendment's protection — that is "[i]n accordance with the historical understanding of the scope of the right . . . [whether the regulation extends to] weapons typically possessed by law-abiding citizens for lawful purposes." Id. at 676 (internal quotation marks and citation omitted). If the district court finds that the right is protected by the Second Amendment, the court must then determine whether the regulation is valid under the appropriate means-end level of scrutiny. Id. at 678. In applying this prong of the analysis to a regulation that prohibits the possession of firearms by felons, a district court should apply intermediate scrutiny to determine whether "there is a reasonable fit between the challenged regulation and a substantial government objective." Id. at 683 (internal quotation marks and citation omitted).

Here, the district court concluded, based on the statement in Heller that "nothing in [the] opinion should be

3

taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," that § 922(g)(1) was not unconstitutional. See Heller, 554 U.S. at 571. However, as we have determined that a district court must conduct an analysis of a challenged regulation in light of Heller, we remand to the district court with instructions to make this determination in accordance with our decision in Chester.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED