**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4920**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANIEL GUERRERO-LECO,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:08-cr-00118-RJC-1)

---

Submitted: June 10, 2011        Decided: September 13, 2011

---

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion. Judge Davis wrote a concurring opinion.

---

Claire J. Rauscher, Ann L. Hester, Ross H. Richardson, Peter Adolf, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Guerrero-Leco, an alien illegally in the United States, pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(5), and the district court sentenced him to a 24-month term of imprisonment. Before pleading guilty, Guerrero-Leco unsuccessfully moved to dismiss the indictment, arguing that § 922(g)(5) violates the Second Amendment. His guilty plea is conditioned on his right to appeal the denial of his dismissal motion, and that is the matter now before us.

Guerrero-Leco's argument is premised on District of Columbia v. Heller, 554 U.S. 570 (2008), in which the Court held generally that the Second Amendment confers an individual right to bear firearms for self-protection. After this appeal was filed, we held in United States v. Chester, 628 F.3d 673 (4th Cir. 2010), that a two-prong analysis is appropriate to determine whether a statute or regulation violates a defendant's Second Amendment right to bear firearms. As we explained:

> The first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." This historical inquiry seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification. If it was not, then the challenged law is valid. If the challenged regulation burdens conduct that was within the scope of the Second Amendment as historically understood, then we move to the second step of applying an appropriate form of means-end scrutiny.

2

<u>Id.</u> at 680 (citations omitted).  Because the district court in <u>Chester</u> had not undertaken that analysis, we vacated the judgment and remanded for further proceedings.  <u>See also</u> <u>United States v. Pruess</u>, 416 Fed. Appx. 274, 275 (4th Cir. 2011) ("[A]s we have determined that a district court must conduct an analysis of a challenged regulation in light of <u>Heller</u>, we remand to the district court with instructions to make this determination in accordance with our decision in <u>Chester</u>.").

At our request, the parties have filed supplemental briefs addressing <u>Chester</u>.  In his brief, Guerrero-Leco argues that this case is similar to <u>Chester</u> and <u>Pruess</u>, and that we should vacate the judgment and remand this case to the district court with instructions to undertake the <u>Chester</u> analysis in the first instance.  We agree.

Accordingly, we vacate the judgment and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

DAVIS, Circuit Judge, concurring:

I concur in the panel's per curiam opinion vacating the judgment and remanding this case to the district court.

Appellant, an undocumented citizen of Mexico, was convicted for illegally possessing an UZI pistol. Appellant's twenty-four month custodial sentence, for which he received credit back to the date of the offense, May 3, 2008, plainly expired well over one year ago. Moreover, a search of the on-line detainee locator website of Immigration and Customs Enforcement (ICE), see https://locator.ice.gov/odls/homePage.do, shows no information for the Appellant, who appears not to be in ICE custody. Presumably, therefore, the Appellant has been removed from this country and likely will not be available for the further proceedings contemplated by our remand of this case.

I confess that I am not certain which would be the less desirable outcome: (1) that the Government declined to deport the Appellant (because this appeal was pending) and he is therefore still in this country, or (2) that the Appellant's conviction will be permanently vacated because the Government has made it impossible for him to be present for further proceedings by deporting him sometime in the last year to Mexico upon his release from the Bureau of Prisons. One should not be surprised if Heller, which was decided about two months after

4

Appellant's arrest in this case, has spawned this kind of conundrum in many districts.