Vacated and remanded by unpublished PER CURIAM opinion. Judge DAVIS wrote a concurring opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Daniel Guerrero-Leco, an alien illegally in the United States, pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(5), and the district court sentenced him to a 24-month term of imprisonment. Before pleading guilty, Guerrero-Leco unsuccessfully moved to dismiss the indictment, arguing that § 922(g)(5) violates the Second Amendment. His guilty plea is conditioned on his right to appeal the denial of his dismissal motion, and that is the matter now before us.
Guerrero-Leco’s argument is premised on District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), in which the Court held generally that the Second Amendment confers an individual right to bear firearms for self-protection. After this appeal was filed, we held in United States v. Chester, 628 F.3d 673 (4th Cir.2010), that a two-prong analysis is appropriate to determine whether a statute or regulation violates a defendant’s Second Amendment right to bear firearms. As we explained:
The first question is “whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment’s guarantee.” This historical inquiry seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification. If it was not, then the challenged law is valid. If the challenged regulation burdens conduct that was within the scope of the Second Amendment as historically understood, then we move to the second step of applying an appropriate form of means-end scrutiny.
Id. at 680 (citations omitted). Because the district court in Chester had not undertaken that analysis, we vacated the judgment and remanded for further proceedings. See also United States v. Pruess, 416 Fed.Appx. 274, 275 (4th Cir.2011) (“[A]s we have determined that a district court must conduct an analysis of a challenged regulation in light of Heller, we remand to the district court with instructions to make *611 this determination in accordance with our decision in Chester.'’).
At our request, the parties have filed supplemental briefs addressing Chester. In his brief, Guerrero-Leco argues that this case is similar to Chester and Pruess, and that we should vacate the judgment and remand this case to the district court with instructions to undertake the Chester analysis in the first instance. We agree.
Accordingly, we vacate the judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED.